IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ANTHONIA N. OJEMENI** *also known as* **NKIRAKA ANTHONIA OJEMENI**, :<br>:<br>    **Plaintiff**,    :<br>:<br>**v.**    :<br>:<br>**EDUARDO SANCHEZ** *and all others*,   :<br>:<br>    **Defendant.**    : | **CIVIL ACTION FILE NO.**<br>**1:10-CV-04100-TWT-AJB** |

**ORDER FOR SERVICE OF**
<u>**REPORT AND RECOMMENDATION**</u>

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for

AO 72A
(Rev.8/82)

obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this   20th   day of   December  , 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A (Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ANTHONIA N. OJEMENI** *also known as* **NKIRAKA ANTHONIA OJEMENI**, : : : **Plaintiff,** : : **v.** : : **EDUARDO SANCHEZ** *and all others*, : : **Defendant.** : | **CIVIL ACTION FILE NO. 1:10-CV-04100-TWT-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant's Request to Proceed *in forma pauperis*, [Doc. 1], and Defendant's Notice of Removal, (*see* Notice in Doc. 1-1). For the reasons set forth below, the undersigned **GRANTS** Defendant's request to proceed *in forma pauperis* ("IFP") for these proceedings only. [Doc. 1]. However, the undersigned **RECOMMENDS** that the case be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

*Introduction*

On November 22, 2010, Plaintiff, Anthonia N. Ojemeni filed a dispossessory warrant against Defendant, Eduardo Sanchez, in the DeKalb County Magistrate Court because Defendant had not been paying his rent. [Doc. 1-1 at 3]. On December 17, 2010, Defendant, proceeding *pro se*, filed an application to proceed *in forma pauperis* in this Court so that he could remove Plaintiff's magistrate court action to this Court. [*See* Docs. 1-1]. The notice of removal states that the DeKalb County case was being removed pursuant to 28 U.S.C. § 1446 because the proceedings were occurring in violation of the Uniform Commercial Code, 15 U.S.C. § 1692, Rule 60 of the Federal Rules of Civil Procedure. [Doc. 1-1]. The undersigned first turns to Defendant's request to proceed *in forma pauperis* before examining whether Defendant is authorized to remove the Magistrate Court case to federal court.

*Discussion*

    A.    *Defendant's Applications to Proceed In Forma Pauperis*

Eduardo Rivera Sanchez ("Defendant" or "Sanchez") has filed an application to proceed *in forma pauperis* indicating that he is employed and earning $2,800 per month. Sanchez does not have any bank accounts. He owns a 2009 Chevrolet Silverado, but does not state how much it is worth. Defendant has two children - - a

2

10 year old daughter and 2 year old son - - who rely on him for support.  He has $3,160 in monthly expenses as follows: (1) $1,200 for rent; (2) $200 for utilities; (3) $150 for home maintenance; (4) $200 for food; (5) $200 for clothing; (6) $100 for laundry/dry cleaning; (7) $300 for medical/dental expenses (8) $200 for transportation; (9) $110 for car insurance; and (10) $700 for car payments.  He states that he cannot pay the costs of this litigation because he does not have enough income and the economy is bad.  [*See* Doc. 1].

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful access to courts.  *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (Section 1915 is designed to ensure "that indigent persons will have equal access to the judicial system.").

---

[1] Although Congress used the word "prisoner" here, Section 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

3

AO 72A
(Rev.8/82)

Thus, § 1915 authorizes suits without the prepayment of fees and costs for indigent litigants. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. Instead, the statute conveys only a privilege to proceed to those litigants unable to pay costs without undue hardship. *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969).[2] Moreover, while the privilege of proceeding *in forma pauperis* does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dept. Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984); *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins*, 335 U.S. at 339; *Zuan v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

The Court **GRANTS** Defendant's applications to proceed IFP for these proceedings only because Defendant's monthly expenses exceed the family's monthly

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

4

income and Defendant has two children to support. The Court next turns to whether this Court has subject matter jurisdiction over Defendant's claims.

## B.     *Defendant's Removal*

A defendant may remove a case from state to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, a "district court first must determine whether it has original jurisdiction over the . . . claims" of the party asserting federal jurisdiction. *Id.* Original jurisdiction under § 1441 arises if there is diversity of parties or a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case sua sponte for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The undersigned

therefore examines whether there is either diversity or federal question jurisdiction in this case.

### 1. *Diversity Jurisdiction*

Under 28 U.S.C. § 1332, district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Under § 1332(a), an in-State plaintiff may invoke diversity jurisdiction in a federal court that sits in the State where the plaintiff resides. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removal statute does not provide an in-State defendant the same flexibility in removing cases. *Id.* at 89-90 ("The scales are not evenly balanced, however[,]" for plaintiffs bringing a case under diversity jurisdiction and for defendants removing a case under diversity jurisdiction.). Instead, § 1441(b) bars removal on the basis of diversity if the "defendant[t] is a citizen of the State in which [the] action is brought." *Id.* at 90 (quoting 28 U.S.C. § 1446(b)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).

The Court finds that this case cannot be removed on the basis of diversity jurisdiction for two reasons. First, § 1441(b) does not permit removal on diversity grounds to the Northern District of Georgia because Defendant is a citizen of the State

6

of Georgia, which is the State where Plaintiff's dispossessory proceeding was brought. *See Lincoln Prop. Co.*, 546 U.S. at 89-90; *see also Bregman v. Alderman*, 955 F.2d 660, 663 (11th Cir. 1992) (finding removal improper because although there was diversity of citizenship, two of the defendants were citizens of the forum state). Second, Defendant cannot meet the amount in controversy requirement because Plaintiff seeks $10,800 in past due rent, an amount far below the $75,000 threshold for diversity jurisdiction.

Therefore, the undersigned concludes that removal is not proper on the basis of diversity of citizenship and turns to whether this Court has federal question jurisdiction.

### 2. Federal Question

A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible

7

defense might involve a federal question."). The removing defendant bears the burden of proving a federal question exists. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

The Court concludes that none of the bases for removal provide the Court with subject matter jurisdiction. First, Defendant's claim that removal is appropriate under the UCC is meritless. The face of the dispossessory warrant does not reference the UCC. Even if it did, the Uniform Commercial Code is not a federal statute. *Motorola, Inc. v. Perry*, 917 F. Supp. 43, 48 (D.D.C. 1996) (noting that the UCC is not federal law). Thus, a civil action based on the UCC does not arise under the laws of the United States, and, therefore, does not provide a court with federal question jurisdiction. *See Taylor v. Wachovia Mortg. Corp.*, No. 1:07-cv-2671-TWT, 2009 WL 249353, *8 (N.D. Ga. Jan. 30, 2009) (noting that the UCC is not a federal statute); *Chase Home Finance, LLC v. Mungaro*, No. 1:05-cv-3082, 2005 WL 3334451, *1-2 (N.D. Ga. Dec. 8, 2005) (finding no federal question jurisdiction where defendant claimed there was federal question jurisdiction on the basis of the UCC); *Whitus v. Countrywide Mortg., Inc.*, No. Civ. 04-6043, 2004 WL 2165362, *3 (D. Or. Sept. 24, 2004) (finding reference to

8

the UCC is insufficient to raise a federal question). Therefore, there is no basis for removal of the instant case to the extent that Plaintiff's action relies on the UCC.

Second, Defendant's citation to "15 USC 1692" and Rule 60 of the Federal Rules of Civil Procedure does not authorize removal. As stated above, a federal question ordinarily appears on the face of a properly pleaded complaint. An anticipated or actual federal defense generally does not qualify a case for removal. *See Acker*, 527 U.S. at 430-31. The face of the complaint in the magistrate court action does not indicate that Defendant's proceeding pleaded a claim under 15 U.S.C. § 1692 or FED. R. CIV. P. 60 because the complaint does not cite to these provisions or otherwise reference them. Defendant appears to raise these provisions because he believes that the DeKalb County proceedings are in violation of them. [Doc. 1-1 at 1 ("The proceedings occurring in violation of . . . 15 USC 1692, Rule 60[.]"). As possible defenses to the dispossessory warrant, these provisions do not provide a basis for removal. *Acker*, 527 U.S. at 430-31. Instead, Plaintiff's magistrate court action arises under the laws of Georgia, which permits recovery of rent and delivery of the premises. *See* O.C.G.A. § 44-7-49 *et seq.* As a result, Defendant has not shown that either 15 U.S.C. § 1692 or FED. R. CIV. P. 60 provides a basis for removal of Plaintiff's DeKalb County Magistrate Court action.

9

*Conclusion*

For the aforementioned reasons, the undersigned **GRANTS** Defendant's requests to proceed *in forma pauperis*. [Doc. 1]. Also, the undersigned **RECOMMENDS** that the case be **REMANDED** to the Magistrate Court of DeKalb County, Georgia. The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED and DIRECTED**, this the 20th day of December, 2010.

  
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

10